IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KASSANDRA ROBINSON, | ) | CASE NO. 5:06CV1792 |
| | ) | |
| | ) | JUDGE ADAMS |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE HEMANN |
| v. | ) | |
| | ) | |
| MARC GLASSMAN, INC., et al., | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants. | ) | |

Pending before the court on referral is Defendant' Motion for Attorneys Fees and

Costs pursuant to 42 U.S.C. § 1988(b), 42 U.S.C. § 2000e-5(k),[1] and R.C. 2323.51(B)(1).[2] For the

reasons set forth below, the magistrate judge recommends that the court award defendants $ 1773.65

in costs and deny defendants' request for attorneys' fees.

I.

Plaintiff's complaint alleged violations of 42 U.S.C. § 2000 ("Title II"), 42 U.S.C.

_____

[1]Plaintiff filed a Title II case, not a Title VII case.  Therefore, the applicable fee statute is
42 U.S.C. § 2000a-3(b).

[2]The moving defendants are the individuals named in the complaint.  Marc Glassman,
Inc. is not a party to the motion.

§ 1981 ("§ 1981"), Ohio Rev. Code § 4112(G) ("§ 4112(G)"), intentional infliction of emotional distress, negligent infliction of emotional distress,[3] and breach of duty to warn an invitee of dangerous conditions and make premises safe. Defendants filed a motion for summary judgment on May 31, 2007. The motion was filed on behalf of all defendants, including Marc Glassman, Inc. ("Marc's"). This court issued a Report and Recommendation on September 18, 2007. Plaintiff filed Objections to the Report and Recommendation, arguing 1) the § 1981 and §4112.02(G) claims were viable because plaintiff had been treated in a hostile manner by Marc's employees, 2) her claim for intentional infliction of emotional distress was supported by the outrageous and extreme conduct of the employees,[4] 3) her negligence claim was viable because Marc's failed to maintain safe and secure premises, and 4) Marc's is a "place of entertainment" within Title II because it sells lottery tickets. The arguments were a repetition of those made in plaintiff's opposition to defendants' motion for summary judgment. On October 31, 2007 Judge Adams adopted the Report and Recommendation and granted defendants' motion for summary judgment on all counts. The individual defendants timely filed the instant motion on November 9, 2007.

This court conducted a hearing on the fees motion on February 13. Counsel for defendants attended the hearing. Counsel for plaintiff did not attend.[5] During the hearing the court

---

[3]Plaintiff's counsel now argues that the claim was for common law negligence.

[4]Marc's employees called the police during the confrontation between plaintiff and Stringer.

[5]Originally he told the court by telephone that he did not think he had to attend because he had withdrawn as counsel. Because of technical problems the court could not connect Mr. Gilbert by speakerphone and proceeded with the hearing. Mr. Gilbert contacted Judge Adams' chambers and reported that he had not attended the hearing because he had not received notice. In fact, he had not received notice of the hearing by ECF because his motion to withdraw as counsel was granted before the hearing notice was posted.

2

learned that counsel for the individual defendants had been retained and paid by Marc's. According to defense counsel, at the case management conference Marc's offered to assume liability for the individual employees under the theory of respondeat superior if plaintiff would dismiss the action against the individuals. Plaintiff subsequently refused to dismiss the individual claims, necessitating separate counsel for the individuals. Counsel for defendants acknowledged that his firm and the firm representing Marc's had divided the tasks with counsel for defendants in charge of interviewing witnesses and preparing them for depositions and trial while other counsel was in charge of drafting written submissions.

A supplemental hearing was held on February 20 by telephone with Mssrs. Gilbert and Wright, counsel who previously represented plaintiff, and Mr. Henshaw representing the individual defendants.[6] Plaintiff's counsel noted the following: 1) on November 7, 2005 the Ohio Civil Rights Commission ("OCRC") issued a probable cause letter in response to the claim filed by plaintiff; 2) counsel reviewed the findings of the OCRC before filing the lawsuit; 3) numerous cases, and the language of the statute, permit a § 1981 action against individual employees; and 4) the actions of the employees could have been construed as hostile and racially based given the difference in treatment of Stringer, plaintiff's antagonist, and plaintiff.

I.

A court may award "reasonable attorney's fee as part of costs" in an action filed under § 1981. 42 U.S.C. §1988(b) ("§ 1988"). The standard for awarding fees under such circumstances

---

[6]Counsel for Marc's was on the telephone but did not participate.

is the same as the standard for awarding fees under 42 U.S.C. § 2000a-3(b)[7] ("§ 2000a-3(b)") in Title

II actions. *Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health and Human Servs.*, 532

U.S. 598, 624 n.1 (2001). Likewise, the standard for awarding fees in a Title II case is the same as

that for awarding fees in a Title VII case. *Christiansburg Garment Co. v. Equal Employment*

*Opportunity Comm'n*, 434 U.S. 412 (1978). An award to a prevailing **plaintiff** under the fee-shifting

statutes is made according to one standard. An award to a prevailing **defendant** requires application

of a very different standard.

In *Christiansburg Garment Co.* the issue before the Court was the standard to be

used by a district court exercising its discretion in deciding whether to award fees to a defendant in

a Title VII case.[8] Relying on the legislative history of § 2000a-3(b), the Court noted that the purpose

of the fee provision was to "deter the bringing of lawsuits without foundation," "discourage frivolous

suits," and "diminish the likelihood of unjustified suits being brought." *Id.* at 420.  Congress

"wanted to protect defendants from burdensome litigation having no legal or factual basis." *Id.* The

Court stated:

> In sum, a district court may in its discretion award attorney's fees to a
> prevailing defendant in a Title VII case upon a finding that the plaintiff's
> action was frivolous, unreasonable, or without foundation, even though not
> brought in subjective bad faith.
> In applying these criteria, it is important that a district court resist the
> understandable temptation to engage in *post hoc* reasoning by concluding
> that, because a plaintiff did not ultimately prevail, his action must have been
> unreasonable or without foundation.  This kind of hindsight logic could
> discourage all but the most airtight claims, for seldom can a prospective

---

[7]Section 2000e-5(k) reads, in part, "In any action or proceeding under this title the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . ."

[8]It is clear from the Court's multiple references to *Newman v. Piggie Park Enters.*, 390 U.S. 400 (1968), that it applies the same standard to Title VII cases as to Title II cases.

plaintiff be sure of ultimate success.  No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial.

*Id.* at 421-22.  Thus a court must determine whether plaintiff's "claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."  *Id.* at 422.

In *Smith v. Smythe-Cramer Co.*, 754 F.2d 180 (6ᵗʰ Cir. 1985), the Sixth Circuit focused on the standard for awarding fees under § 1988.  The court noted:

> Application of these standards requires inquiry into the plaintiffs' basis for bringing suit.  Awards to prevailing defendants will depend on the factual circumstances of each case.  While a showing of bad faith is not required for an award of attorneys fees to a prevailing defendant, such a showing would justify an award of fees.  Additionally, courts have awarded attorneys fees to prevailing defendants where no evidence supports the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which the plaintiff continues to litigate.  As the Supreme Court emphasized in *Hughes*, however, the mere fact that allegations prove legally insufficient to require a trial does not, for that reason alone, render a complaint groundless under *Christiansburg*, 449 U.S. at 16, 101 St. Ct. at 179.

754 F.2d at 183.  The court cautioned against awarding fees in situations involving the vindication of constitutional rights and situations where plaintiff had an arguable basis for pursuing her claim. *See also Jones v. The Continental Corp.*, 789 F.2d 1225, 1232 (6ᵗʰ Cir. 1986)(finding that an award of fees against a plaintiff in a civil right action "is an extreme sanction, and must be limited to truly egregious cases of misconduct").

In *Balmer v. HCA, Inc.*, 423 F.3d 606, 616 (6ᵗʰ Cir. 2005), the court set forth the following factors to be applied in making a fee award determination: "(1) whether plaintiff presented sufficient evidence to establish a prima facie case; (2) whether defendant offered to settle the case;

5

and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." Again the Sixth Circuit reiterated that defendants should receive fees only for frivolous claims and fees should be awarded in only the most egregious of circumstances. Significantly, the court, applying *Haynie v. Ross Gear Div. of TRW, Inc.*, 799 F.2d 237 (6th Cir. 1986), *vacated as moot*, 482 U.S. 901 (1987), and *Tarter v. Raybuck*, 742 F.2d 977 (6th Cir. 1984), concluded, "[I]n this circuit attorneys' fees may not be awarded to defendants where the plaintiff has asserted at least one non-frivolous claim." 423 F.3d at 617.

Section 2323.51 provides for an award of sanctions for frivolous litigation. A court "may award reasonable attorney fees to any party in a civil action adversely affected by frivolous conduct." *Sigmon v. Southwest Gen'l Health Ctr.*, 2007 WL 1290016 (Eighth Dist. Ct. App. May 3, 2007), *5. The court must undertake a three part analysis: 1) the court must determine whether the conduct during the litigation was frivolous, 2) next the court must determine whether a party was adversely affected by the frivolous conduct, and 3) the court must determine reasonable fees to be awarded. *Id.* Frivolous conduct is that which "serves only to harass or maliciously injure the opposing party in a civil action" and that which is "unwarranted under existing law and for which there is no 'good faith argument for an extension, modification, or reversal of existing law.'" *Id.*, quoting Ohio Rev. Code § 2323.51(A)(2)(a)(i), (ii).

## II.

In the Report and Recommendation adopted by Judge Adams, this court made findings/statements that indicated plaintiff's claim was without support, factually and legally. The gravamen of plaintiff's complaint was racial discrimination. Yet plaintiff did not show any racial animus on the part of any employee. Her real complaint was that the employees of Marc's did not

6

remove Stringer from the store immediately or take some action to stop his ranting. The court concluded that the employees were not under a legal duty to protect plaintiff from a third person's slander.

Given that the standard set by the Sixth Circuit requires a finding that no claim filed by plaintiff had any merit, the question becomes whether plaintiff had an arguable basis for filing any of the claims. Without taking a *post hoc* review of the evidence, this court cannot conclude that the standard has been met, especially in light of the evidence that the OCRC issued a finding of probable cause. Judge Adams concluded that plaintiff did not satisfy all of the prongs of a Title II claim. She did satisfy the first two prongs. The third prong required the court to examine whether plaintiff received services in a markedly hostile manner and in a manner which a reasonable person would find objectively discriminatory. If she had, the court could have drawn an inference of race discrimination and plaintiff would have articulated a prima facie case. The court was required to review the facts for support for plaintiff's position. Finding that plaintiff was not treated in a manner which a reasonable person would find objectively discriminatory, the court dismissed the claim. Again, based on Supreme Court and Sixth Circuit law, that process would appear to be sufficient to deny sanctions because it required *post hoc* review of the evidence.

As for state law, first it is arguable that § 2323.51 is procedural and therefore subject to the *Erie* doctrine. Even if it is not, however, the state courts interpret "frivolous" in such a way that plaintiff would be permitted to argue here for an extension of existing law to these facts.

This court continues to take the position that plaintiff's counsel should be much more selective in the cases he takes. One could also argue that the American rule for awarding attorneys' fees is outdated and permits plaintiffs to file tenuous lawsuits. Nevertheless this court is constrained

to apply the law as it exists in this circuit. Therefore, the magistrate judge recommends that defendants' motion for attorneys' fees be overruled.

IV.

Federal Rule of Civil Procedure 54(d) provides that "costs other than attorney's fees **shall** be allowed as of course to the prevailing party unless the court otherwise directs . . . ." (Emphasis added.) Title 28 U.S.C. § 1920 includes a list of allowable costs, of which the following might be applicable to this matter: fees of the court reporter for any of the stenographic transcripts necessarily obtained for use in the filing of the motion for summary judgment; fees for printing; and fees for exemplification and copies of papers necessarily obtained for use in the case.

A district court may refuse to award costs when 1) the costs are unreasonably large, 2) the prevailing party prolonged the litigation or injected issues that lacked merit, 3) the case was close and difficult, and 4) the prevailing party's recovery is insignificant. The district court's discretion " is more limited than it would be if the rule were nondirective," and "it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of cost to the prevailing party." *Goostree v. Tennessee*, 796 F.2d 854, 863-64 (6th Cir. 1986), *cert. denied sub nom. Goostree v. Montgomery County Quarterly Ct.*, 480 U.S. 918 (1987).

Defendants seek reimbursement of $2,970.54 in costs. While plaintiff has not objected to any of the costs, there are some that do not fall within the governing statute or rule. Defendants are not entitled to recover for courier services, for Dr. Shah's deposition fee, or for the video depositions of Dr. Shah and Mr. Springer.[9] Therefore the magistrate judge recommends that

---

[9]Defendants may be reimbursed for the transcripts of those depositions.

8

defendants be awarded $1773.65 in costs.

## V.

For the reasons stated above, the magistrate judge recommends that defendants'

motion for attorneys' fees be denied and defendants' motion for costs be granted in the amount of

$1773.65.


Dated: February 25, 2008                    s:\Patricia A. Hemann
                                            Patricia A. Hemann
                                            United States Magistrate Judge

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).